UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANI LOVE BUCKINGHAM f/n/a BRIAN P. BUCKINGHAM,<br><br>                    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>                    Defendant. | CASE NO. 2:25-CV-701-RSM-DWC<br><br>ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL |

Plaintiff Nani Love Buckingham, formerly known as Brian P. Buckingham, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Currently pending before the Court are Plaintiff's Motion for Court-Appointed Counsel, Plaintiff's Motion to Seal, and the Court's screening of the Complaint under 28 U.S.C. § 1915A. After review of the relevant record, the Court declines to serve Plaintiff's Complaint; however, Plaintiff's Motion for Court-Appointed Counsel (Dkt. 10) is GRANTED. The Court also directs Plaintiff to file an amended complaint, but directs Plaintiff to refrain from filing an amended compliant until the Pro Bono Panel has had an opportunity to attempt to secure counsel to represent Plaintiff.

ORDER GRANTING MOTION FOR
APPOINTMENT OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 1

**I.      Background**

Plaintiff, a federal prisoner housed at the Federal Detention Center -SeaTac ("FDC – SeaTac"), raises claims against twenty-six defendants related to her medical needs associated with her gender dysphoria ("GD") and her transition from a male to a female. Dkt. 9.[1] Plaintiff challenges Executive Order 14168, contending her treatments for GD stopped when Executive Order 14168 was signed. She alleges defendants acted with deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment; she also alleges claims under Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), the Fifth Amendment, First Amendment, Fourteenth Amendment, the Affordable Care Act ("ACA"), and the Administrative Procedures Act ("APA"). *Id*. Plaintiff seeks an emergency temporary restraining order, a preliminary injunction, a permanent injunction, and monetary damages. *Id*.

Plaintiff initiated this case on April 14, 2025. Dkt. 1. Plaintiff has filed a Motion for Temporary Restraining Order and Preliminary Injunction, a Motion to Seal, a Motion for Appointment of Counsel, and a Motion to Compel Expedited Discovery. Dkts. 2, 4, 10, 12. The Court has reviewed Plaintiff's Complaint under 28 U.S.C. § 1915A. While the Court finds Plaintiff's Complaint is not compliant with Rule 8 of the Federal Rules of Civil Procedure and is conclusory, the underlying challenge to Executive Order 14168 is potentially meritorious. Therefore, at this time, the Court will consider Plaintiff's Motion for Appointment of Counsel only.[2]

---

[1] Plaintiff refers to herself as a female. Therefore, the Court will use female pronouns in this Order. The Court's use of female pronouns is not a legal finding or conclusion.

[2] The Court finds the appointment of counsel is the most time-sensitive matter. The Court will enter a separate order on the Motion to Seal and Motion to Compel Expedited Discovery.

ORDER GRANTING MOTION FOR
APPOINTMENT OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 2

**II.	Court-Appointed Counsel**

A.	*Request for Counsel*

Plaintiff seeks Court-appointed counsel to assist her in this case. Dkt. 10. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff has filed a 72-page Complaint. Plaintiff's Complaint is not simple nor concise, as required by Rule 8 of the Federal Rules of Civil Procedure. Further, Plaintiff named several improper defendants (i.e. federal agencies) and has provided conclusory allegations. Therefore, Plaintiff's Complaint, in its current state, is not viable. However, Plaintiff's underlying allegations are potentially meritorious. For example, Plaintiff is challenging Executive Order 14168 because defendants stopped providing her with hormone replacement therapy ("HRT") when Executive Order 14168 was signed. Judges in other courts in the country have entered

ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 3

injunctions related to Executive Order 14168 in the prison context. *See e.g. Jones v. Bondi*, 2025 WL 923117 (D.D.C. Feb. 24, 2025) (entering a temporary restraining order enjoining defendants from implementing Sections 4(a) and 4(c) of Executive Order 14168 against a transgender plaintiff and directing defendants to "maintain and continue plaintiff's housing status and medical care as they existed immediately prior to January 20, 2025"). Therefore, while Plaintiff's Complaint suffers from deficiencies, the Complaint contains claims improperly plead which are potentially meritorious.

For these reasons, the Court concludes exceptional circumstances exist in this case which allow the Court to assist Plaintiff in securing counsel. Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. 10) is granted.

B.  *Requesting Voluntary Assistance of Counsel*

While the Court lacks the authority to require counsel to represent indigent civil litigants, *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989), the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In this case, the Court finds the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent Plaintiff in this matter. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that appointment of counsel may be justified when a proceeding will go forward "more efficiently and effectively").

### III.  Conclusion

For the above stated reasons, Plaintiff's Motion to Appoint Counsel (Dkt. 10) is granted and Plaintiff is appointed counsel, contingent on the identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's *pro bono* coordinator is directed to

ORDER GRANTING MOTION FOR
APPOINTMENT OF COUNSEL AND DIRECTING
PRO BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 4

identify counsel to represent Plaintiff, in accordance with the Court's General Order 07-23, Section 3. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue any additional appropriate orders.

The Court notes that it has entered an order directing the Clerk's Office to serve Defendant Pam Bondi. Regardless of the decision to serve one defendant, the Court finds Plaintiff must file an amended complaint to correct the deficiencies in the Complaint. Accordingly, once counsel is identified and appointed, the Court will direct counsel (or Plaintiff, if counsel cannot be identified) to file an amended complaint.

The Clerk is directed to provide a copy of this Order to the *pro bono* coordinator.

Dated this 22nd day of April, 2025.

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 5