UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANI LOVE BUCKINGHAM f/n/a BRIAN P. BUCKINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>Defendants. | Case No. C25-701-RSM-DWC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Nani Love Buckingham's Motion for Temporary Restraining Order ("TRO"), Dkt #2. This case was filed on April 14, 2025, and referred to Magistrate Judge David W. Christel. Judge Christel promptly handled several important initial issues with the case, granting Plaintiff's application to proceed in forma pauperis and motion for appointment of counsel. *See* Dkts. #8 and 13. Judge Christel also directed service of the Complaint, Dkt. #14, resulting in a Response to the TRO filed on April 30, 2025, Dkt. #21.

Given the timing component of this (and every) TRO request, the undersigned has determined that a ruling should issue as soon as possible, even though Plaintiff's counsel has

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

yet to appear. The Court finds that it can rule on the existing briefing, and that a reply brief is not permitted under the local rules. LCR 65(b)(5).

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

This is a § 1983 case brought by a prisoner alleging, *inter alia*, violations of the Eighth Amendment through "deliberate indifference to my serious medical need." Dkt. #9 at 9. Plaintiff Buckingham has been housed at the Federal Detention Center in SeaTac since 2020 and is serving a 252-month sentence. *See* Dkt. #23 at 2. Plaintiff alleges she is a transgender female living "fully as female in [prison] since 2022… staff and inmates treat me as female." Dkt. #9 at 9–10. She has been medically transitioning with hormone replacement therapy since 2023 and considers herself "post transition." *Id*. at 10. However, she also reports being diagnosed with severe gender dysphoria. Buckingham states that she has had three suicide attempts, over thirty suicide risk assessment crisis interventions in prison, and two incidents of self-mutilation. *Id*.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Plaintiff Buckingham has not yet been approved for gender-affirming surgery while in prison, and this seems to be the crux of the matter. She has had "urges to perform self surgery to remove my genitalia" and feels "like I am being tortured every day by the pain this is causing me." *Id*. Her requested relief in this TRO is for the Court to order Defendants to "within 2 weeks schedule an appointment for Plaintiff with a gender affirming surgical specialist" and within 2 weeks of receiving the specialist's recommendation, schedule plaintiff for the earliest available opening for the recommended surgery, if any is recommended," along with laser facial hair removal and several other smaller requests. *See* Dkt. #2 at 2.

Plaintiff attaches exhibits showing that she has threatened "self-castration," but also that she reported she was "not harming myself today or tomorrow," Dkt. #5 at 3, and that she has been having suicidal thoughts "as she sees a loss of progress towards her gender transition" because "surgery has been delayed and may be cancelled due to EO," *id*. at 5. "EO," as is clear from the briefing, refers to Executive Order 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." *See* Dkt. #23 ("Caughill Decl."), ¶ 8; Dkt. #23-5. Defendants attach the March 4, 2025, ruling from Warden A. Cooper specifically telling Plaintiff that her request for surgical treatment has been "denied" citing the above executive order. Dkt. #23-5. On March 26, 2025, a similar decision was handed down denying her request for female undergarments, grooming items, and bras, with a citation to the same Executive Order. Dkt. #21 at 5; Dkt. #23-6.

Defendants argue in their Response that Buckingham has not been denied any currently prescribed care, is still receiving hormone replacement theory, and that no BOP medical professional has determined that additional procedures are imminently necessary. Defendants

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

contend Buckingham is attempting to improperly use a TRO to seek a judgment on the merits rather than to preserve the status quo:

> A TRO should be restricted to preserving the status quo." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)) (cleaned up). But it is Buckingham that seeks to upend the status quo through the requested relief. While Buckingham asks the Court for an order "resuming" the gender dysphoria treatment, that treatment was never halted. Buckingham continues to receive medically appropriate hormone therapy for someone diagnosed with gender dysphoria and is currently pending for review and scheduling. *See* Rutledge Decl., ¶¶ 8, 9; Caughill Decl., ¶ 6. What Buckingham actually seeks is a new course of treatment—one that has not been approved by any medical professional. In fact, Buckingham asks the Court to order BOP to schedule a surgical consultation, and presupposing the third-party surgeon will recommend surgery, requests that the Court also require BOP to schedule the surgery. Thus, Buckingham asks this Court to find, without expert opinions or even a medical record from a surgeon who performs the requested surgeries, that surgery is appropriate and necessary and must be performed. This is not preservation of the status quo.

Dkt. #21 at 7. Defendants argue that Buckingham has failed to exhaust her administrative remedies. Defendants state that Buckingham is awaiting transfer to a more appropriate detention center and as such is currently classified as a "temporarily housed holdover inmate." *Id.* at 5 (citing Caughill Decl. at ¶ 5).

Defendants attach a declaration of a BOP doctor located in Victorville, California. Dkt. #22. This person has reviewed Plaintiff's medical file and states "[t]here are currently no indications or findings of imminent harm, severity, or suicidal ideation" and "[n]or is there any urgent need for any medical procedures in my medical opinion." *Id*. at 4.

The Court has no idea why Defendants selected a doctor in Victorville to provide a medical opinion on Plaintiff located in SeaTac, and finds the medical opinion cursory and uninformed. The Court further notes that Defendants say on the one hand that Plaintiff has

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

failed to exhaust her administrative remedies because she has failed to file an appeal to BOP's general counsel, but on the other hand admit she has filed an appeal to BOP's general counsel that was rejected as premature. *See* Dkt. #21 at 6. Defendants admit that "another court found a narrow exception to the exhaustion requirement based on similar facts." *Id*. at 12 (citing *Doe v. McHenry*, 2025 WL 388218 (D.D.C. Feb. 4, 2025)).

Despite the apparent weaknesses with Defendants' position, the Court nevertheless finds that the TRO as drafted cannot be granted for at least two reasons—first, because Plaintiff seeks relief beyond preservation of the status quo without adequate briefing, and second because Plaintiff has failed to demonstrate a likelihood of irreparable harm in the absence of this preliminary relief.  As to the first point, the Court finds that Plaintiff has failed to demonstrate, through medical evidence, that the only way to avoid self-harm in the immediate future (*i.e.*, to preserve the status quo) is for Defendants to provide gender-affirming surgery. To order Defendants to take such an action at the outset of a case is an extraordinary remedy and requires much more than what has been provided.  Second, and relatedly, Plaintiff has failed to show a likelihood of irreparable harm if she does not get the requested relief right now, immediately.[1]  She has been suffering from gender dysphoria for many years and is receiving treatment.  Although Plaintiff has had several suicide attempts, there does not appear to be an imminent mental health emergency.  Even if the Court were to grant the requested relief, the surgery would not happen for several weeks. Although Plaintiff's current situation is serious, the record shows she has managed to navigate her situation with the aid of medical staff at FDC SeaTac.

---

[1] The Court finds that Plaintiff has also failed to demonstrate a likelihood of irreparable harm for not receiving all relief other than gender-affirming surgery (requests for female undergarments, grooming items, bras, etc.).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

Given the above, the Court need not address a likelihood of success on the merits. This Order does not intend to comment on the substantive merits of this case, which is still at an early stage.

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #2, is DENIED. The Court notes that there are many open questions in this case, both factual and legal. Some of these questions can hopefully be answered with the aid of Plaintiff's forthcoming legal counsel. The Court takes Plaintiff's allegations seriously, and urges the parties to proceed in this case with respect and urgency.

DATED this 2nd day of May, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE