1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

NANI LOVE BUCKINGHAM f/n/a
BRIAN P. BUCKINGHAM,

11

Plaintiff,

12

v.

13

FEDERAL BUREAU OF PRISONS, et al.,

14

Defendant.

CASE NO. 2:25-CV-701-RSM-DWC

ORDER ON MOTION FOR
EXTENSION

15    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

16  Judge David W. Christel. Presently before the Court is Defendants' Motion for Extension of

17  Time to Respond to Complaint. Dkt. 40. After review of the relevant record, the Motion for

18  Extension (Dkt. 40) is granted-in-part.

19    **I.    Background**

20    On April 14, 2025, Plaintiff Nani Love Bunckingham, fka Brian P. Buckingham, initiated

21  this action by filing the complaint and a motion for a temporary restraining order ("TRO"). Dkts.

22  1, 2, 3, 9. Based on the allegations in the complaint, the Court appointed counsel to represent

23  Plaintiff and directed service of the complaint and the motion for a TRO on Defendant Pam

24

Bondi. Dkts. 13, 14. On April 29, 2025, counsel entered an appearance on behalf of Defendant Federal Bureau of Prisons ("BOP") and, on April 30, 2025, responded to the motion for a TRO. Dkts. 19, 21, 22, 23. The Court denied the motion for a TRO on May 2, 2025. Dkt. 25. Counsel for Plaintiff entered appearances on May 6, 2025. Dkts. 27-33.

After counsel entered appearances on Plaintiff's behalf, on May 7, 2025, the Court directed Plaintiff to file an amended complaint on or before May 30, 2025. Dkt. 36. On May 30, 2025, Plaintiff filed the Amended Complaint. Dkt. 38. Defendants have now filed a Motion for Extension seeking an extension until July 29, 2025 to file a response to the Amended Complaint. Dkt. 40. Plaintiff filed a Response opposing the Motion on June 17, 2025. Dkt. 43. Defendants filed their Reply on June 20, 2025. Dkt. 44.

## II.    Discussion

Pursuant to Federal Rule of Civil Procedure 15(a)(3), any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. The United States, a United States agency, or a United States officer or employee must serve a responsive pleading within 60 days after service. *See* Fed. R. Civ. P. 12(a)(2), (3). The parties do not dispute that the responsive pleading is currently due on June 30, 2025. *See* Dkts. 40, 43.

When an act may or must be done within a specified time, the court may, for good cause, extend the time if the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Here, Defendants assert good cause exists for an extension of time because the Amended Complaint is substantially different from the original complaint, Defendants only received the materials Plaintiff filed under seal on June 3, 2025, the legal landscape of the case is quickly

changing, Plaintiff is likely to be transferred to a different facility, and Defendants' counsel will be separating from the United States Attorney's Office at the end of June 2025. Dkt. 40.

First, Defendants argue the Amended Complaint is an entirely new complaint with new claims and new defendants. Dkt. 40. While the Amended Complaint is different from the original complaint, it is not so substantially different to be considered a new complaint. The same underlying issues remain. *See* Dkt. 38; *see also* Dkt. 43. Plaintiff, now represented by counsel, was able to clarify and narrow the named defendants. *See* Dkt. 43; *see also* Dkt. 38. Plaintiff also clarified the claims. The Court finds, for the purposes of the request for an extension of time, the Amended Complaint is an amended complaint in substance, not merely in name.

Second, Defendants state an extension is appropriate because they did not receive the materials Plaintiff filed under seal until June 3, 2025. Dkt. 40. The sealed documents, filed April 14, 2025, were filed in support of Plaintiff's motion for a TRO. Defendants have already filed a response to the motion for a TRO and the Court has ruled on that motion. *See* Dkts. 5, 21, 25. Defendants have not adequately explained how receiving the sealed documents June 3, 2025 warrants an extension of time to respond to the Amended Complaint.

Third, Defendants assert the legal landscape of this case is quickly changing and Plaintiff may be transferred to a different facility. The legal landscape on issues presented in this case are constantly changing and Defendants have been aware of the injunction in *Kingdom v. Trump*, No. 25-cv-0691-RCL, since June 3, 2025. Further, inmates face the risk of transfer to a different facility at any time. Defendants have provided only conjecture that these two factors will impact this case and the Court finds these are not sufficient reasons to delay this case.

Finally, Defendants' counsel states he will be separating from the United States Attorney's Office at the end of June 2025. While the Court sympathizes with staffing shortages,

it appears there was adequate notice of the separation and Defendants were on notice of the underlying issues in this case since at least April 29, 2025, knew the Amended Complaint would be filed on May 30, 2025, and have had 31 days from the date the Amended Complaint was filed to file a response to the Amended Complaint. Therefore, counsel's separation from the U.S. Attorneys' Office does not warrant a 30-day extension in this case.

Therefore, the Court finds Defendants have not shown good cause for a 30-day extension of time to respond to the Amended Complaint. However, to ensure Defendants have sufficient time to respond to the Amended Complaint in light of counsel's separation from the United States Attorney's Office, the Court finds a 7-day extension is appropriate.

**III.     Conclusion**

After considering the relevant record, the Motion for Extension (Dkt. 40) is granted-in-part as follows:

Defendants' must file a responsive pleading to the Amended Complaint on or before July 7, 2025.

Dated this 23rd day of June, 2025.

David W. Christel
United States Magistrate Judge