1

2

District Judge Ricardo S. Martinez
Magistrate Judge David W. Christel

3

4

5

6

7    UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

9

10   NANI LOVE BUCKINGHAM f/n/a BRIAN P.          Case No. 2:25-cv-00701-RSM-DWC
     BUCKINGHAM,
                                                  **DEFENDANTS' ANSWER TO**
11                          Plaintiff,            **PLAINTIFF'S SECOND AMENDED**
                                                  **COMPLAINT**
               v.
12
     FEDERAL BUREAU OF PRISONS, *et al.*,
13
                            Defendant.
14

15          Defendants Federal Bureau of Prisons (BOP); Pamela Bondi, Attorney General of the

16   United States; William K. Marshall III, Director of BOP; Christopher A. Bina, Assistant Director

17   of the Health Services Division of BOP; Andrew Cooper, Warden at FDC SeaTac; Kevin Posalski,

18   Health Services Administrator at FDC SeaTac; and Robert McGinnis, Clinical Director at FDC

19   SeaTac[1], by and through their attorneys, Charles Neil Floyd, United States Attorney for the

20   Western District of Washington, and Brian C. Kipnis, Assistant United States Attorney, hereby

21   file this Answer to the Second Amended Complaint (Dkt. 88, "Complaint"), in like numbered

22   paragraphs, as follows:

23

24   ───────────────────
     [1] All individuals have been sued in their official capacity and none have been named in their personal capacity.

DEFENDANTS' ANSWER TO PLAINTIFF'S                              UNITED STATES ATTORNEY
SECOND AMENDED COMPLAINT                              700 STEWART STREET, SUITE 5220
[Case No. 2:25-cv-00701-RSM-DWC] - 1                    SEATTLE, WASHINGTON 98101
                                                              (206) 553-7970

## I.    INTRODUCTION

1.    Defendants admit that Plaintiff is a federal prisoner who has been in BOP custody since June 2020, is currently incarcerated at FCI Butner in Butner, North Carolina, and was previously held at FDC SeaTac in Seattle, Washington. Defendants deny knowledge or information sufficient to admit or deny Plaintiff's tribal membership or residence before incarceration and therefore deny the same. Defendants deny the remaining allegations in this paragraph.

2.    Defendants admit that Plaintiff has been diagnosed with gender dysphoria. The remainder of this paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, denied.

3.    Defendants admit that BOP provided Plaintiff with interventions for gender dysphoria consistently with BOP's Clinical Guidance on gender dysphoria. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

4.    Denied.

5.    Defendants respectfully refer the Court to the referenced executive order for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

6.    This paragraph consists of Plaintiff's characterization of the lawsuit and requested relief, to which no response is required. To the extent a response is required, denied.

7.    This paragraph sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief in this action.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.     JURISDICTION AND VENUE

8.     This paragraph consists of a legal conclusion, to which no response is required.

9.     This paragraph consists of a legal conclusion, to which no response is required.

10.     This paragraph consists of a legal conclusion, to which no response is required.

## III.     PARTIES

**A.     Plaintiff**

11.     As to the first sentence and accompanying footnote, Defendants admit that Plaintiff is an adult federal prisoner whose legal name is Nani Love Buckingham, whose former name was Brian P. Buckingham, and whose BOP Register Number is 50205-086; Defendants deny the remaining allegations. As to the second sentence, Defendants deny knowledge or information sufficient to admit or deny the allegations and therefore deny the same. Defendants admit the allegations in the third paragraph.

**B.     Defendants**

12.     This paragraph sets forth a legal opinion, to which no response is required. To the extent a response is deemed required, denied.

13.     Defendants admit that Defendant Federal Bureau of Prisons is a government agency that provides medical care for Plaintiff while in custody.

14.     Defendants admit that Attorney General Bondi oversees the Department of Justice, including BOP, and that she is sued in her official capacity. Defendants deny the remaining allegations in this paragraph.

15.     Admitted.

16.     Admitted.

17.     Defendants admit that Mr. Cooper is the Warden at FDC SeaTac, and that he is sued in his official capacity. Defendants deny the remaining allegations in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.     Admitted.

19.     Defendants deny that Defendant Dr. Robert McGinnis is the Clinical Director at FDC SeaTac. Admit Defendant Dr. McGinnis is a Medical Officer at FDC SeaTac and that he is sued in his official capacity.

## IV.     FACTUAL ALLEGATIONS

**A.     "Gender dysphoria is a serious medical condition that can cause significant harm if left untreated."**

20.     Admitted.

21.     Defendants respectfully refer the Court to the definition of Gender Dysphoria in the fifth edition of the Diagnostic and Statistical Manual of Mental Disorders (the "DSM-5") for a full and accurate content of the definition in DSM-5, and deny any allegations inconsistent therewith.

22.     This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, admitted.

23.     Denied.

24.     Defendants admit that the identified organizations have issued guidelines for the treatment for gender dysphoria. Defendants deny the remaining allegations in this paragraph.

**B.     "Before Executive Order 14168, BOP policies allowed individualized treatment for gender dysphoria."**

25.     Defendants respectfully refer the Court to the referenced BOP medical care policy for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

26.     Denied.

27.     Defendants admit that until the issuance of Executive Order 14168, BOP provided interventions for gender dysphoria consistently with BOP's prior Clinical Guidance on gender dysphoria. Defendants deny the remaining allegations in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

28.     Defendants respectfully refer the Court to the referenced BOP clinical guidance for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

29.     Defendants respectfully refer the Court to the referenced BOP clinical guidance for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

30.     Defendants respectfully refer the Court to the quoted BOP documents for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

31.     Defendants respectfully refer the Court to the referenced BOP document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

**C.    "After Executive Order 14168, BOP policies prohibit treatment for gender dysphoria."**

32.     Defendants admit the allegations contained in the first sentence of this paragraph. Defendants deny the remaining allegations in this paragraph.

33.     Defendants respectfully refer the Court to the quoted executive order for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

34.     Defendants respectfully refer the Court to the quoted executive order for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

35.     Defendants respectfully refer the Court to the referenced executive orders for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

36.     Defendant admits the allegations contained in the main body text of this paragraph. As to the footnote text, Defendants respectfully refer the Court to the quoted website for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

37.     Defendants admit that BOP issued a memorandum on February 21, 2025 implementing Executive Order 14168. Defendants respectfully refer the Court to that document

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

38.     Defendants respectfully refer the Court to the referenced memorandum for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

39.     Defendants admit that BOP issued a memorandum on February 28, 2025 implementing Executive Order 14168. Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

40.     Defendants admit that BOP suspended the Transgender Utilization Review Advisory Group, the Transgender Clinical Care Team, and the Transgender Executive Council as part of its implementation of Executive Order 14168.

41.     Defendants admit the Transgender Offender Manual was rescinded after Executive Order 14168 was issued. Defendants admit that BOP previously had clinical guidance on the treatment of gender dysphoria and respectfully refer the Court to those documents for a complete and accurate statement of its contents. Defendants deny any allegation inconsistent therewith.

**D.    "Before and after Executive Order 14168, Plaintiff did not receive medically necessary care."**

**1.     "Plaintiff's pre-EO 14168 care in custody"**

42.     Defendants admit that until Executive Order 14168 and BOP's related memoranda were issued, BOP provided Plaintiff with interventions for gender dysphoria consistent with BOP's prior clinical guidance on gender dysphoria. Defendants respectfully refer the Court to the cited BOP medical care policy for a complete and accurate statement of the policy and deny any allegations inconsistent therewith.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

43.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore deny the same.

44.    Defendants admit that BOP providers diagnosed Plaintiff with gender dysphoria on December 5, 2023. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

45.    Defendants admit that BOP permitted Plaintiff to access certain commissary items.

46.    Defendants admit that Plaintiff was involved with numerous risk assessments and had been placed on suicide watch on various dates throughout 2020 to 2022. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith. Defendants are currently without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 48 and therefore deny the same.

47.    Defendants admit that Plaintiff had a Suicide Risk Assessment on January 26, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

48.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 50 and therefore deny the same.

49.    Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

50.    Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

51.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 53 and therefore deny the same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

52.     Defendants admit that on August 13, 2024, Plaintiff had a clinical encounter with Health Services at FDC SeaTac. As for the remaining portions of the paragraph, Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

53.     Defendants admit that on September 4, 2024, Plaintiff had a clinical encounter with Health Services at FDC SeaTac. As for the remaining portions of the paragraph, Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

54.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 56 and therefore deny the same.

55.     Defendants admit that Plaintiff had a Suicide Risk Assessment on October 24, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith. As for the remaining portions of this paragraph, Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 57 and therefore deny the same.

56.     Defendants admit that Plaintiff wrote the quoted text in a message dated October 25, 2024. As to the remainder of the allegations, Defendants respectfully refer the Court to that message for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

57.     Admitted.

58.     This paragraph sets forth a medical opinion, to which no response is required. To the extent a response is deemed required, Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 60 and therefore deny the same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

59.     Defendants admit that Plaintiff had a Suicide Risk Assessment on October 28, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith. As for the remaining portions of this paragraph, Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 57 and therefore deny the same.

60.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 62 and therefore deny the same.

61.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 63 and therefore deny the same.

62.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 64 and therefore deny the same.

63.     Defendants admit that Plaintiff had a clinical encounter with FDC SeaTac Health Services on December 26, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

64.     Defendants admit that Plaintiff had a clinical encounter with FDC SeaTac Health Services on December 26, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

65.     Defendants admit that Plaintiff had a clinical encounter with FDC SeaTac Health Services on December 26, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

66.    Defendants admit that Plaintiff had a clinical encounter with FDC SeaTac Health Services on December 26, 2024. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

67.    Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

68.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 70 and therefore deny the same.

**2.    "Plaintiff's post-EO 14168 care in custody"**

69.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 71 and therefore deny the same.

70.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 72 and therefore deny the same.

71.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 73 and therefore deny the same.

72.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 74 and therefore deny the same.

73.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 75 and therefore deny the same.

74.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 76 and therefore deny the same.

75.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 77 and therefore deny the same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

76.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 78 and therefore deny the same.

77.    Defendants admit that BOP issued a memorandum on February 21, 2025, implementing Executive Order 14168, and that Plaintiff had a clinical encounter with FDC SeaTac Health Services on February 26, 2025. Defendants respectfully refer the Court to the February 21, 2025, memorandum and to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

78.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 80 and therefore deny the same.

79.    Defendants admit that a Request for Administrative Remedy regarding offsite medical care from a transgender specialist was received by FDC SeaTac on January 6, 2025. Defendants respectfully refer the Court to BOP's response to that Request for Administrative Remedy, dated March 4, 2025, for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

80.    Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate statement of their contents and deny any allegation inconsistent therewith. Defendants are currently without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 82 and therefore deny the same.

81.    Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 83 and therefore deny the same.

82.    Defendants admit that on March 26, 2025, a response to Plaintiff's Request for Administrative Remedy received on March 7, 2025 was provided to Plaintiff. Defendants respectfully refer the Court to the referenced documents for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

83.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 85 and therefore deny the same.

84.     Defendants are currently without knowledge or information sufficient to form a belief as to the allegations in paragraph 86 and therefore deny the same.

85.     Denied.

86.     Denied.

87.     Denied.

88.     This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

## V.     CLAIMS FOR RELIEF

### COUNT ONE — DEPRIVATION OF EQUAL PROTECTION OF THE LAWS
### (INJUNCTIVE RELIEF)
### Fifth Amendment to the United States Constitution
### Against All Defendants in Their Official Capacities

89.     Defendants repeat their responses to the preceding paragraphs of the Complaint.

90.     This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

91.     This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

92.     This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    97.    Denied.

2    98.    Denied.

3    **COUNT TWO — FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT**
**(INJUNCTIVE RELIEF)**

4    **Eighth Amendment to the United States Constitution**
**Against All Defendants in Their Official Capacities**

5    99.    Defendants repeat their responses to the preceding paragraphs of the Complaint.

6    100.    This paragraph sets forth legal conclusions to which no response is required. To the

7    extent that a response is deemed required, denied.

8    101.    This paragraph sets forth legal conclusions to which no response is required. To the

9    extent that a response is deemed required, denied.

10    102.    Defendants admit that Plaintiff has been diagnosed with gender dysphoria.

11    Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph and

12    therefore deny them.

13    103.    Denied.

14    104.    Denied.

15    105.    Denied.

16    106.    Denied.

17    107.    Denied.

18    108.    Denied.

19    109.    Denied.

20    110.    Denied.

21    111.    Denied.

22    112.    Denied.

23

24

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**COUNT THREE — DISABILITY DISCRIMINATION**
**Rehabilitation Act of 1973, Section 504**
**Against All Defendants in Their Official Capacities**

113.    Defendants repeat their responses to the preceding paragraphs of the Complaint.

114.    Defendants respectfully refer the Court to the quoted statute for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

115.    Admitted.

116.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is deemed required, denied.

117.    Admitted.

118.    Denied.

119.    Denied.

## VI.    PRAYER FOR RELIEF

Plaintiff's prayer for relief requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief.

## GENERAL DENIAL

Defendants deny any allegation not expressly admitted or denied herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff has failed to exhaust the available administrative remedies.

3.    Plaintiff's claims are not yet ripe.

4.    Plaintiff's requested relief would violate the Prisoner Litigation Reform Act.

5.    To the extent any agency action was committed to agency discretion, the Court lacks subject matter jurisdiction under the APA.

6.    Plaintiff is not eligible for or entitled to attorney's fees or costs.

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.    The Court lacks jurisdiction to award relief that exceeds that authorized by the APA.

8.    Defendants reserve the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

WHEREFORE, Defendants respectfully request that the Court dismiss all claims in the Complaint with prejudice, at Plaintiff's cost, and grant them such other relief as may be just and appropriate.

DATED this 17th day of December, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4063
Fax:    206-553-4067
Email: brian.kipnis@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
[Case No. 2:25-cv-00701-RSM-DWC] - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970