District Judge Ricardo S. Martinez
Magistrate Judge David W. Christel

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| NANI LOVE BUCKINGHAM f/n/a BRIAN P. BUCKINGHAM,<br><br>Plaintiff,<br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00701-RSM-DWC<br><br>**MOTION FOR ORDER TO SHOW CAUSE**<br><br>NOTE ON MOTION CALENDAR: 1/13/2026<br><br>ORAL ARGUMENT REQUESTED |



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

**TABLE OF CONTENTS**

I. INTRODUCTION .......... II

II. BACKGROUND .......... 1

A. Ms. Buckingham seeks and obtains injunctive relief for three medical consultations. .......... 1

B. Defendants refuse to provide Ms. Buckingham with two medical consultations. .......... 2

C. Defendants' recent evaluation did not address laser hair removal or facial feminization surgery and discredits BOP's own diagnosis. .......... 3

III. ARGUMENT .......... 5

A. Defendants have violated the Court's Order by failing to provide Ms. Buckingham with medical consultations for laser hair removal and facial feminization surgery. .......... 5

B. Defendants' bad faith evaluation fails to comply with the Court's Order and constitutes further deliberate indifference. .......... 6

C. The Court should impose sanctions to enforce compliance with the Court's Order and to reimburse Plaintiff's counsel for its attorneys' fees and costs required to bring this motion. .......... 9

IV. CONCLUSION .......... 10



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
10 F.3d 693 (9th Cir. 1993) ....................6

*Emp. Painters' Tr. v. Dahl Constr. Servs., Inc.*,
2021 WL 9100398 (W.D. Wash. Jan. 22, 2021)....................5

*Gen. Signal Corp. v. Donallco, Inc.*,
787 F.2d 1376 (9th Cir. 1986) ....................10

*Iglesias v. Fed. Bureau of Prisons*,
598 F. Supp. 3d 689 (S.D. Ill. 2022)....................7

*Lysyy v. Deutsche Bank Nat'l Trust Co.*,
2025 WL 1645242 (W.D. Wash. May 8, 2025)....................5, 9

*Snow v. McDaniel*,
681 F.3d 978 (9th Cir. 2012) ....................7

*A.B. ex rel. Trueblood v. Wash. State Dep't of Soc. & Health Servs.*,
681 F. Supp. 3d 1149 (W.D. Wash. 2023)....................9

*United States v. Ayres*,
166 F.3d 991 (9th Cir. 1999) ....................9



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

# I. INTRODUCTION

On November 12, 2025, the Court issued an order granting in part Plaintiff Nani Buckingham's motion for a preliminary injunction. Dkt. No. 87 ("Court's Order" or "Court's November 12 Order"). The Court's Order required Defendants "to provide Plaintiff with medical consultations for speech therapy, laser hair removal, and facial feminization surgery within thirty (30) days from the date of this Order." *Id.* at 11–12. Accordingly, Defendants were required to provide these three consultations by December 12, 2025. While Defendants complied with the Court's Order in part by scheduling speech therapy consultations, *see* Ex. 3[1], Defendants have failed to comply with the Court's Order for the other two consultations. Worse, Defendants have used the Court's Order as the predicate to schedule an evaluation with a provider who (contrary to BOP's prior findings) concludes that "it is not possible to make any definitive diagnosis" of gender dysphoria, though the provider is not "denying its possibility." Rather than comply with the Court's Order, Defendants reversed course on the medically necessary treatment that BOP itself prescribed, continuing Defendants' pattern of violating the Eighth Amendment.

Accordingly, the Court should find that Defendants are not compliant with the Court's Order and issue an order that mandates Defendants to comply with the Court's Order and requires Defendants to show cause why they should not be held in contempt.

# II. BACKGROUND

## A. Ms. Buckingham seeks and obtains injunctive relief for three medical consultations.

Ms. Buckingham alleges that Defendants have failed to provide her with medically necessary care to treat her gender dysphoria and resulting psychological distress. *See* Dkt. No. 38 ¶ 2. In part, Ms. Buckingham seeks injunctive relief for consultations for medical consultations for voice and communication speech therapy, laser hair removal, and facial feminization surgery.

[1] All exhibits referenced in the motion are attached to the Declaration of Chris N. Ryder in Support of Plaintiff's Motion for Order to Show Cause ("Ryder Decl.").



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

*Id.* at 29. To that end, Ms. Buckingham moved for a preliminary injunction for these consultations on July 2, 2025. *See* Dkt. No. 46.

After holding an evidentiary hearing, Judge Christel issued a Report and Recommendation ("R&R") on September 18, 2025, recommending that Ms. Buckingham's motion be granted and that Defendants be required to provide medical consultations for speech therapy, laser hair removal, and facial feminization surgery. Dkt. No. 79. In relevant part, Judge Christel found that Ms. Buckingham was diagnosed with gender dysphoria, continues to physically and mentally suffer from gender dysphoria, and that on August 13, 2024, a BOP medical provider submitted requests for Ms. Buckingham to receive consultations for speech therapy, laser hair removal, and facial feminization surgery. *Id.* at 9–10. Judge Christel further found that Ms. Buckingham's expert presented testimony that these three consultations are medically necessary and should be scheduled as soon as possible, *id.* at 11 (citing Dkt. No. 48 ¶¶ 86–88; Dkt. No. 68 ¶¶ 3–4), and that Defendants failed to rebut this testimony, Dkt. No. 79 at 13 (noting "counsel for Defendants stated there was no evidence in the record showing the Consultations are not medically necessary"). Ultimately, Judge Christel found that the "undisputed evidence also shows Buckingham has experienced harm from the delay and denial of access to medically necessary care." *Id.*

The Court adopted the R&R on November 12, 2025. Dkt. No. 87. In doing so, the Court adopted and incorporated by reference the R&R's factual background. *Id.* at 1. And the Court rejected Defendants' objections, emphasizing that Ms. Buckingham provided competent evidence establishing irreparable harm. *Id.* at 10–11. Ultimately, the Court ordered Defendants to provide Ms. Buckingham with medical consultations for speech therapy, laser hair removal, and facial feminization surgery within 30 days—by December 12, 2025. *See id*. at 11–12.

**B. Defendants refuse to provide Ms. Buckingham with two medical consultations.**

While Defendants provided Ms. Buckingham with a consultation for speech therapy, Defendants have not provided Ms. Buckingham with a medical consultation for laser hair removal



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

or facial feminization surgery. *See* Decl. Buckingham Supp. Pl.'s Mot. for Order to Show Cause ("Buckingham Decl.") ¶¶ 5, 7–8.

Ms. Buckingham's most recent medical records show that she is to be "examined regarding facial hair," but her medical records do not show that a medical consultation for laser hair removal has been scheduled or occurred. *See* Ryder Decl., Ex. 2 at USAO_001462. Nor is Ms. Buckingham aware that a consultation for laser hair removal has been scheduled. Buckingham Decl. ¶ 10.

When Ms. Buckingham's counsel asked Defendants' counsel to confirm whether and when the laser hair removal consultation occurred, Defendants' counsel merely repeated that they complied with the Court's Order when sending a copy of updated medical records to Ms. Buckingham's counsel on December 12, 2025. Ryder Decl. ¶ 4. These medical records state that the BOP does "not readily have a contract with laser hair removal." *Id.*, Ex. 2 at USAO_001462. And the records do not show that Defendants attempted to contact third-party providers to schedule a consultation for hair removal.

Further, Defendants have not provided Ms. Buckingham with a medical consultation for facial feminization surgery. Buckingham Decl. ¶ 8. Between the Court's November 12 Order and the December 12 deadline, Defendants did not inform Ms. Buckingham of any steps being taken to schedule or provide her with a medical consultation for facial feminization surgery. Buckingham Decl. ¶¶ 9–10. Similarly, Defendants did not inform Ms. Buckingham's counsel of any steps taken to provide Ms. Buckingham with a medical consultation for facial feminization surgery. Ryder Decl. ¶ 2. And the medical records provided to Ms. Buckingham's counsel do not mention a consultation for facial feminization surgery. *See* Ryder Decl., Exs. 1, 2.

### C. Defendants' recent evaluation did not address laser hair removal or facial feminization surgery and discredits BOP's own diagnosis.

Defendants will likely point to the December 4, 2025, clinical encounter with a Dr. Weidow via Telehealth as substantial compliance with the Court's Order. *See* Ryder Decl., Ex. 1.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

The records from this encounter state that the evaluation "was to assess for medical necessity of requested gender-affirming procedures." *Id.* at USAO_001454. But Dr. Weidow did not indicate what gender-affirming procedures he was purportedly assessing. *Id.* The encounter notes do not refer to facial feminization surgery or laser hair removal, *id.* at USAO_001454–1457, and Ms. Buckingham was told only that this was a general psychiatric evaluation, Buckingham Decl. ¶ 4.

Contradicting BOP's prior gender dysphoria diagnosis, Dr. Weidow concluded that it was "not possible to make any definitive diagnosis" of Ms. Buckingham. Ryder Decl., Ex. 1 at USAO_001456. Dr. Weidow "cannot confirm the diagnosis of gender dysphoria" but also was "not denying its possibility." *Id.* There are no references to any diagnostic criteria or diagnostic testing in the clinical encounter notes, yet Dr. Weidow concludes that there is "a distinct lack of that evidence . . . that will not allow [Dr. Weidow] to be supportive" of Ms. Buckingham's "current requests for surgeries." *Id.* Per Dr. Weidow, "I do not see gender-affirming surgery in this case . . . to be medically necessary . . . [or] advisable." *Id.*

Dr. Weidow's evaluation further delays medically necessary care that BOP already agreed to, *see* Decl. Dr. Karasic Supp. Pl.'s Mot. for Order to Show Cause ("Karasic Decl.") ¶¶ 9–18, adding further factual support for Ms. Buckingham's claims for deliberate indifference.

After reviewing records provided by Defendants' counsel on December 12, 2025, Ms. Buckingham's counsel asked Defendants' counsel whether Defendants believed they had provided all three consultations ordered by the Court. Ryder Decl. ¶ 4. On December 16, 2025, Defendants' counsel emailed Ms. Buckingham's counsel, stating that BOP provided the consultations ordered by the Court, citing the December 4, 2025, evaluation and the December 10, 2025, speech therapy consultation records. *Id.*



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

## III. ARGUMENT

**A. Defendants have violated the Court's Order by failing to provide Ms. Buckingham with medical consultations for laser hair removal and facial feminization surgery.**

District courts have the "inherent authority to enforce compliance with [their] orders through civil contempt proceedings." *Lysyy v. Deutsche Bank Nat'l Trust Co.*, No. C24-62-JLR, 2025 WL 1645242, at *2 (W.D. Wash. May 8, 2025) (citations omitted). A party alleging civil contempt must demonstrate by clear and convincing evidence that: (1) the other party violated a court order; (2) the noncompliance was more than technical or de minimis; and (3) the other party's conduct was not taken in good faith or reasonable interpretation of the violated order. *Emp. Painters' Tr. v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2021 WL 9100398 at *1 (W.D. Wash. Jan. 22, 2021) (citing *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014)). If civil contempt is established, sanctions may include prospective fines to induce compliance along with fines to reimburse damages, including attorney's fees. *Lysyy*, 2025 WL 1645242 at *2.

Here, Defendants have failed to comply with the Court's Order, requiring Defendants to "provide Plaintiff with medical consultations for speech therapy, laser hair removal, and facial feminization surgery within thirty (30) days from the date of this Order." Dkt. No. 87 at 11–12. Specifically, Defendants have failed to provide Ms. Buckingham with medical consultations for laser hair removal and facial feminization surgery.

First, Defendants have not provided Ms. Buckingham with a medical consultation for laser hair removal. Buckingham Decl. ¶ 7. While Ms. Buckingham's medical records show that she is to be "examined regarding facial hair," her medical records do not show that a medical consultation for laser hair removal has occurred or even been scheduled. Ex 2 at USAO_001462. To the contrary, Defendant BOP admits in the same medical record that "we do not readily have a contract with laser hair removal." *Id.* Instead of attempting to procure a contract or otherwise contact third-party providers to schedule a consultation, Defendants decided that Ms. Buckingham "should be



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

permitted to purchase a Noni[2] for hair removal by a special purchase order[.]" *Id.* Further, Defendants did not inform Ms. Buckingham's counsel of other steps being taken to comply with the Court's Order; rather, they merely sent a copy of Ms. Buckingham's updated medical records, reflecting their unilateral decision to supplant the Court's Order for laser hair removal with an alternative, inferior hair removal method, on December 12, 2025, the last day to comply with the Court's Order. Ryder Decl. ¶¶ 2–4.

Second, Defendants have not provided Ms. Buckingham with a medical consultation for facial feminization surgery. Buckingham Decl. ¶ 8. Between November 12 and December 12, Defendants did not inform Ms. Buckingham of any steps being taken to schedule or provide her with a medical consultation for facial feminization surgery. Buckingham Decl. ¶¶ 9–10. And the medical records provided to Ms. Buckingham's counsel lack any reference to a consultation for facial feminization surgery. *See* Ryder Decl., Exs. 1, 2.

Accordingly, Defendants have failed to comply with the Court's Order to provide Ms. Buckingham with consultations for laser hair removal and facial feminization surgery. Further, Defendants have not informed Ms. Buckingham or her counsel of reasonable efforts made to comply with the Court's Order. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citation omitted) (explaining substantial compliance with a court order is a defense to contempt "where every reasonable effort has been made to comply"). Against this backdrop, Defendants' noncompliance is inexcusable and must be corrected.

**B. Defendants' bad faith evaluation fails to comply with the Court's Order and constitutes further deliberate indifference.**

Defendants will likely argue that they complied with the Court's Order by pointing to the December 4, 2025 meeting with Dr. Weidow. But this meeting further distanced Ms. Buckingham from constitutionally guaranteed necessary medical care.

---

[2] On information and belief, this is a typo for a No-No, which is a hair removal device that uses heat to remove hair; it does not provide for permanent hair removal.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

To start, Dr. Weidow's notes do not refer to any specific form of gender-affirming care, let alone laser hair removal and facial feminization surgery. *See* Ryder Decl., Ex. 1. It strains credulity that a doctor's notes for a consultation for laser hair removal or facial feminization surgery would not reference the procedure under consideration. That the evaluation was not specific to laser hair removal or facial feminization surgery is further reflected by Ms. Buckingham's sworn statement. She was told the encounter was a general psychiatric evaluation, not a consultation for laser hair removal or facial feminization surgery. Buckingham Decl. ¶ 4.

And even if Dr. Weidow referenced laser hair removal or facial feminization surgery, that fact alone does not establish compliance with the Court's Order. Defendants must provide medical consultations in substance, not merely in form. Indeed, courts have repeatedly found purported medical care to be deficient where conducted by inappropriate providers. *See Iglesias v. Fed. Bureau of Prisons*, 598 F. Supp. 3d 689, 702 (S.D. Ill. 2022) (explaining BOP violated the court's order to schedule a vaginoplasty when the BOP made one only appointment "with a surgeon who does not even perform vaginoplasties"); *see also Snow v. McDaniel*, 681 F.3d 978, 986–87 (9th Cir. 2012) (explaining defendants unreasonably relied on a non-specialist who did not diagnose the plaintiff, raising an inference of deliberate indifference). Here, Dr. Weidow's purported evaluation suffers from at least three deficiencies, which all show the evaluation delays medically necessary consultations. *See* Karasic Decl. ¶¶ 8–16.

First, Dr. Weidow fails to reach a diagnosis, exclude gender dysphoria as a diagnosis, or provide a plan of treatment or plan to obtain a diagnosis. Dr. Weidow concludes that "it is not possible to make any definitive diagnosis" of Ms. Buckingham. Ryder Decl., Ex. 1 at USAO_001456. He goes on to say he "cannot confirm the diagnosis of gender dysphoria" but also was not "denying its possibility." *Id.* But two years ago, in December 2023, BOP diagnosed Ms. Buckingham with gender dysphoria. Dr. Weidow makes no effort to show any changed circumstances for why that diagnosis is no longer accurate. Moreover, as Dr. Karasic notes, BOP continues to affirm its prior diagnosis by continuing to provide Ms. Buckingham with hormone treatment. Karasic Decl. ¶ 11. Dr. Weidow also notes that he could not obtain collateral



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

information from Ms. Buckingham's family, Ryder Decl., Ex. 1 at USAO_001456, but that information is unnecessary to diagnose someone with gender dysphoria. Karasic Decl. ¶ 12. And Dr. Weidow fails to identify any steps he recommends to resolve any issue with providing a diagnosis. *Id.* ¶ 17. At best, Dr. Weidow's statements are no better than musings and cannot provide the basis to *withhold* medically necessary treatment.

Second, Dr. Weidow cites psychological instability as a reason to deny Ms. Buckingham additional undescribed care. Ryder Decl., Ex. 1 at USAO_001456. But as Dr. Karasic explains, the WPATH Standards of Care instruct that delaying or denying care "due to the presence of mental health problems may exacerbate symptoms" and "should be done only when all other avenues have been exhausted," and the standards do not support denial of care in this case. Karasic Decl. ¶¶ 9–10. Similarly, the presence of co-occurring mental health symptoms is neither inconsistent with gender dysphoria nor a reason to disqualify someone from receiving gender affirming surgery. *Id.* ¶¶ 13–15. And Dr. Weidow fails to note or weigh any cons of providing gender affirming surgery in light of Ms. Buckingham's mental health symptoms; instead, he notes that Ms. Buckingham's mood and affect are appropriate. *Id.* ¶ 15; Ryder Decl., Ex. 1 at USAO_001455–56. Accordingly, the WPATH Standards of Care do not support Dr. Weidow's cursory conclusion that the existence of co-occurring mental health symptoms warrant denying Ms. Buckingham further gender-affirming care.

Third, there is an inherent contradiction in the treatment Defendants continue to provide and Dr. Weidow's conclusion that he supports only "non-medical avenues" of care. Ryder Decl., Ex. 1 at USAO_001456. Ms. Buckingham has received hormone therapy since December 2023. *See* Dkt. No. 47 ¶ 8; *see also* Karasic Decl. ¶ 11. And Defendants previously denied Ms. Buckingham access to facial feminization surgery because her hormones were "not on target." Dkt. No. 47 ¶ 22. Dr. Weidow's commentary conflicts with Defendants' determination that hormone therapy is medically necessary and its ongoing provision of that therapy. *See* Karasic Decl. ¶ 11 (explaining each hormone prescription affirms Ms. Buckingham's diagnosis).



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

In sum, Dr. Weidow refuses to articulate any diagnosis or plan of treatment regarding Ms. Buckingham's gender dysphoria. Denying a diagnosis and treatment cannot be considered a medical consultation. Defendants' bad faith conduct fails to comply with the Court's Order.

**C. The Court should impose sanctions to enforce compliance and to reimburse Plaintiff's counsel for its attorneys' fees and costs required to bring this motion.**

If the Court finds Defendants are not in compliance with the Court's Order and that cause does not exist to excuse this noncompliance, then the Court should hold Defendants in contempt and impose sanctions. Defendants had 30 days to comply with the Court's Order or to otherwise seek additional time to provide Ms. Buckingham with consultations for laser hair removal and facial feminization surgery. But Defendants failed to do so. Accordingly, decisive action is required to ensure Defendants provide Ms. Buckingham with these necessary consultations.

When civil contempt is established, sanctions may include prospective fines to induce compliance along with fines to reimburse damages, including attorney's fees. *Lysyy*, 2025 WL 1645242 at *2. One of the "paradigmatic civil contempt sanctions" is a per diem fine for each day the party fails to comply with the court's order. *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) (citation omitted); *see also A.B. ex rel. Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 681 F. Supp. 3d 1149, 1180 (W.D. Wash. 2023) (awarding daily fine of $1,000 for noncompliance).

Here, a per diem fine is necessary. After all, Defendants did not produce any evidence showing these consultations are not medically necessary. Dkt. No. 87 at 10 (noting Defendants' counsel could not identify anything in the record showing the consultations are not medically necessary). Given the decided necessity of these consultations and that Ms. Buckingham seeks only injunctive relief to receive gender-affirming care, the Court should impose coercive sanctions in the amount of $1,000 for each day of continued non-compliance (or, in the alternative, whatever amount the Court deems necessary to ensure compliance).

Additionally, the Court should order Defendants to reimburse Plaintiff's counsel for the attorneys' fees and costs incurred in bringing this motion. *See Gen. Signal Corp. v. Donallco,*



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900

*Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (noting that an award of attorneys' fees for civil contempt is within the district court's discretion). Defendants have failed to inform Ms. Buckingham or her counsel of any justification for failing to provide the consultations for laser hair removal or facial feminization surgery. Accordingly, Ms. Buckingham's counsel were forced to file this motion to ensure compliance. If the Court deems attorneys' fees and costs appropriate, Ms. Buckingham's counsel will submit a fee petition and supporting exhibits.

## IV. CONCLUSION

For the reasons above, the Court should (1) find Defendants are not in compliance with the Court's Order; (2) compel Defendants' compliance with the Court's Order; and (3) issue an order for Defendants to show cause why they should not be held in contempt for their failure to comply with the Court's Order.

Dated: December 23, 2025

Respectfully Submitted,

**KELLER ROHRBACK L.L.P.**

By: *s/Chris N. Ryder*

Chris N. Ryder, WSB No. 58732
Benjamin B. Gould, WSB No. 44093
Cari Campen Laufenberg, WSB No. 34354
Nathan N. Nanfelt, WSB No. 45273
Elizabeth W. Tarbell, WSB No. 62763
Nicandro Iannacci, *pro hac vice*
1201 Third Avenue, Suite 3400
Seattle, Washington 98101
Telephone: (206) 623-1900
cryder@kellerrohrback.com
bgould@kellerrohrback.com
claufenberg@kellerrohrback.com
nnanfelt@kellerrohrback.com
etarbell@kellerrohrback.com
niannacci@kellerrohrback.com

***Attorneys for Plaintiff***

I certify that this memorandum contains 3,579 words, in compliance with the Local Civil Rules.