UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANI LOVE BUCKINGHAM f/n/a BRIAN P. BUCKINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>Defendants. | Case No. C25-701-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiff's Motion for Order to Show Cause, Dkt. #91, and Plaintiff's unopposed Motion to Seal, Dkt. #95. Defendants oppose Plaintiff's request for an order to show cause. Dkt. #97.

The Court incorporates the factual history of this case as set forth in the Court's prior orders. *See* Dkts. #79 and #87. On November 12, 2025, the Court granted-in-part Plaintiff's request for a preliminary injunction and ordered Defendants to provide Plaintiff with medical consultations for speech therapy, laser hair removal, and facial feminization surgery within thirty days. Dkt. #87 at 11-12. Soon after, Plaintiff filed the instant Motion, alleging that Defendants have not complied with the Court's Order to provide laser hair removal and facial feminization surgery consultations, requesting that the Court order compliance, and requesting that the Court

issue an order for Defendants to show cause as to why they should not be held in contempt for failure to comply. Dkt. #91 at 10.

District courts have inherent authority to enforce compliance with orders through civil contempt proceedings. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 823 (1994). Civil contempt occurs when a party disobeys a "specific and definite court order" by "fail[ing] to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). The party alleging civil contempt must establish that the other party (1) "violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Dual-Deck*, 10 F.3d at 693. "Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Id.* (internal quotations omitted).

First, Plaintiff argues that Defendants have failed to provide a consultation for laser hair removal. Dkt. #91 at 5. Plaintiff states that on December 10, 2025, Plaintiff met with a physician's assistant ("PA") and discussed facial hair removal, but the PA indicated that Defendants did not have a contract for laser hair removal at that time. *Id.* at 5 (citing exhibit). Instead, Plaintiff's PA stated that Plaintiff "should be permitted to purchase a Noni for hair removal by a special purchase order[.]" *Id.* at 5-6. Plaintiff argues that this is a "unilateral decision to supplant the Court's Order for laser hair removal with an alternative, inferior hair removal method[.]" *Id.* at 6. Defendants contend that the "consultation occurred," but "the fact

that Buckingham disagrees with the provider's treatment decision based on the consultation does not somehow mean a consultation did not occur." Dkt. #97 at 8.

The Court agrees with Defendants. The records indicate that Plaintiff discussed laser hair removal with a provider, an alternative to outside or professional laser hair removal was offered, and Plaintiff does not provide any citation or otherwise to confirm that a device is inferior or insubstantial compliance, let alone that a consultation did not occur. *See Sonia v. Rainer*, Case No. 3:23-cv-5220-RSL-TLF, 2024 WL 4008665, at *1-2 (providing prisoner with a hair removal device to retain in her cell or use in the prison facility's medical unit as part of her gender dysphoria treatment); *Hicklin v. Precynthe*, Case No. 4:16-cv-01357-NCC, 2018 WL 806764, at *4 (prisoner "evaluated for a TRIA hair removal device" and recommended treatment with said device as part of gender dysphoria treatment); *see also Flick v. Miller*, 848 F. App'x 492, 493 (3d Cir. 2021) (holding that "a mere dispute about means of hair removal does not amount to 'deliberate indifference.'"). Accordingly, the Court will deny this request.

Second, Plaintiff argues that Defendants have failed to provide her with a consultation for facial feminization surgery. Dkt. #91 at 6-8. The parties cite to Plaintiff's telehealth appointment with BOP provider Dr. Eric Weidow on December 4, 2025, who noted that the appointment was "to assess for medical necessity of requested gender-affirming procedures." Dkt. #91 at 4 (citing exhibit). After considering Plaintiff's medical record, Dr. Weidow opined that there are unaddressed concerns regarding Plaintiff's care, questioned the accuracy of Plaintiff's gender dysphoria diagnosis, and noted Plaintiff's mental health history as part of WPATH guidelines to identify "other reasons for gender congruence . . . prior to treatment initiation." Id. at 4-9; Dkt. #97 at 6. Dr. Weidow also raised concerns as to if Plaintiff's current state aligned with treatment guidelines for stability before invasive treatments. *Id.* at 8. Dr.

Weidow ended his assessment by stating that he could not definitively diagnosis Plaintiff but did not deny a gender dysphoria diagnosis being possible, but he believed that there was "a distinct lack of that evidence currently . . . that will allow me to be supportive of her current requests for surgeries." *Id*. at 4.

Plaintiff argues that the above is an insufficient evaluation because "Dr. Weidow refuses to articulate any diagnosis or plan of treatment[,]" and "[d]enying a diagnosis and treatment cannot be considered a medical consultation." Dkt. #91 at 9. Furthermore, Plaintiff argues that "nothing in the record establishes that a general evaluation for the 'medical necessity' of gender-affirming care . . . is also a specific consult for facial feminization." Dkt. #100 at 2. In response, Defendants contend that this is "semantic gamesmanship" and that Dr. Weidow followed WPATH guidelines to "[i]dentify and exclude other possible causes of apparent gender incongruence prior to the initiation of gender-affirming treatments." Dkt. #97 at 5-7.

The Court finds that Defendants have provided Plaintiff with a consultation to assess whether she is an appropriate candidate for the requested surgery, but Plaintiff disagrees with the result of this consultation. Plaintiff cites to BOP's clinical guidance on gender-affirming care to argue that Plaintiff should have met with a "contracted community surgeon who is responsible to meet with the patient to confirm readiness and medical suitability for complex surgery." Dkt. #100 at 3. But the requirement Plaintiff cites to is the final step after a warden requests administrative review by the BOP Transgender Executive Council ("TEC") for "gender-confirming surgery," who then refers the case to the Medical Director, who then refers the case to a proper gender confirming surgeon for evaluation. *See Gender-Affirming Care of Transgender and Gender Nonbinary Persons* ("2023 Clinical Guidance") at 23 and 33, Fed. Bureau of Prisons (June 2023), https://perma.cc/U5UT-S9PN. That step is not where we are.

Plaintiff's case was last referred to the TEC on September 12, 2024, on Plaintiff's request for facial feminization surgery, speech therapy, and hair removal, and the TEC denied her requests on October 28, 2024. Dkt. #46 at 6. The current consultation was based on a prior request by one of Plaintiff's providers, not by a TEC referral. The Court finds that a consultation for Plaintiff's requested surgery, not other treatments, occurred, and Dr. Weidow found surgery to not "be medically necessary" or "advisable." Dkt. #96, Ex. 1. Given that Plaintiff's prior gender-affirming care continues, her requested surgery has not been affirmed by the TEC, and this referral was not by the TEC, the Court fails to see how Dr. Weidow's consultation "attempt[s] to revert Ms. Buckingham back to square one[.]" Dkt. #100 at 3. Accordingly, the Court finds that Defendants provided Plaintiff with the ordered consultation and will deny Plaintiff's request.

Having considered the instant Motion, responsive briefing, and remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Order to Show Cause, Dkt. #91, is DENIED. Plaintiff's unopposed Motion to Seal, Dkt. #95, is GRANTED.

Dated this 1st day of September, 2026.

Ricardo S. Martinez
United States District Judge